FILED

2022 Jul-29  PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY LYNN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 7:22-cv-00865-RDP-SGC |
| | ) |
| MONROE COUNTY SHERIFF'S | ) |
| OFFICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

The plaintiff, Anthony Lynn Johnson, has filed a *pro se* complaint under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). The plaintiff identifies the following defendants in the complaint: the Monroe County Sheriff's Office, located in Aberdeen Mississippi; Scottie Clark, a jail administrator employed by the Monroe County Sheriff's Office; Mr. McMillian, a jailer employed by the Monroe County Sheriff's Office; and a deputy employed by the Monroe County Sheriff's Office whose name is unknown. (Doc. 1 at 2-3). The plaintiff seeks money damages. (Doc. 1 at 5). The complaint is before a magistrate judge for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons to follow, the magistrate judge recommends this action be transferred to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C.

§ 1406(a).[1]

## I. Factual Allegations

The plaintiff presently is detained at the Pickens County Jail in Carrollton, Alabama. (Doc. 1 at 2). The Pickens County Jail is located in Pickens County, Alabama, which is within this judicial district. *See* 28 U.S.C. § 81 (defining federal judicial districts for Alabama). The claim the plaintiff asserts in this action pertains to his treatment when he was housed in the Monroe County Jail in Aberdeen, Mississippi. (Doc. 1 at 4, 6). The Monroe County Jail is located in Monroe County, Mississippi, which is within the Northern District of Mississippi. *See* 28 U.S.C. § 104 (defining federal judicial districts for Mississippi). The plaintiff alleges he was forced to sleep on the floor at the Monroe County Jail for several days and, as a result, experiences chronic pain in his back and neck and on his right side. (Doc. 1 at 4-5, 7-8).

## II. Analysis

The federal venue statute provides that a federal action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action

---

[1] Contemporaneously with this report and recommendation, the undersigned has entered a report in *Anthony Lynn Johnson v. Monroe County Sheriff's Office, et al.*, Case No. 7:22-cv-00866-ACA-SGC (N.D. Ala. docketed as filed July 13, 2022), another § 1983 action commenced by the plaintiff, recommending that action also be transferred to the United States District Court for the Northern District of Mississippi.

may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If an action is brought in the wrong judicial district, the district court "shall dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406.

It does not appear any defendant resides in Alabama, let alone in this judicial district, or that a substantial part of the events or omissions giving rise to the plaintiff's claim occurred in this judicial district. It appears instead that the defendants reside in Mississippi and that the events or omissions giving rise to the plaintiff's claim occurred in that state – more specifically, in Monroe County, Mississippi. Accordingly, it appears venue is not proper in this judicial district but would be proper in the Northern District of Mississippi. The undersigned further finds the interest of justice would be served by transferring, as opposed to dismissing, this action.

### III. Recommendation

For these reasons, the magistrate judge **RECOMMENDS** this action be **TRANSFERRED** to the United States District Court for the Northern District of Mississippi pursuant to 28 U.S.C. § 1406(a).

### IV. Notice of Right to Object

The plaintiff may file specific written objections to this report and

recommendation.   Any objections must be filed with the Clerk of Court within **14 days.**   The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection.   The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed.   Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order.   Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice.   11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations.   The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   The plaintiff may appeal only from a final judgment entered by a District Judge.

**DONE** this 29th day of July, 2022.

STACI   G. CORNELIUS
U.S. MAGISTRATE JUDGE